GuNtee, J.
Money judgment for appellees — plaintiffs. Therefrom this appeal.
1. Appellant — defendant—demurred to the complaint; this was overruled, and it answered. The *261 grounds of demurrer were: (1) That the complaint was ambiguous and uncertain. (2) That it did not state facts sufficient to constitute a cause of action.
The ruling was correct as to the first ground of demurrer, because the demurrer failed to point out wherein the complaint was ambiguous or uncertain.— Canfield v. Jeannotte, 31 Colo. 292, 293.
error was committed in overruling the demurrer it was waived by appellant answering over. — Rosenfeld v. Rosenfeld, 21 Colo. 16, 18; Davis v. Shepherd, 31 Colo. 141, 145, 146; Cerussite Mining Company v. Anderson, 19 Colo. App. 307.
ground of demurrer we think the ruling also right. The complaint alleged the employment of appellees by appellant to perform certain services at a certain price, the performance of such services under such employment, and other facts essential to liability.
We think the complaint stated facts sufficient to constitute a cause of action.
judgment on the pleadings. This was denied and the ruling is urged as error. This is based upon the contention that the replication to the counterclaim of appellant admits that appellees were not the real party in interest in the cause of action stated in the complaint. We do not so consi rue the replication. It admits that a lease was made of certain ground of the Americus lode mining-claim to appellees and one Reynolds as copartners, but it does not admit that- appellant did not employappellees as stated in the complaint. No fact stated in the replication is in necessary conflict with the allegations of the complaint.
3. At the close of the evidence for appellees appellant asked the court to direct a verdict in its behalf. This was denied. The ruling was urged as error. We decline to consider it because no exception *262 to the ruling was preserved bj^ the bill of exceptions.
4. It instructions, and in refusing certain instructions tendered by appellant. We axe not permitted' to consider such contention, because no exceptions to such action of the court were preserved in the bill of exceptions. — French v. Guyot, 30 Colo. 220, 226, 228, 229.
‘ An examination substantial justice according to the evidence adduced was administered in the lower court.
Judgment